UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**TOIYA HILLS, FREDRICKA WASHINGTON,** and
**RUPA DHAKAL individually and** on behalf of all others
similarly situated,

                       *Plaintiffs*,

       -against-

**SAMUEL D. ROBERTS**, as Commissioner of the New York
State Office of Temporary and Disability Assistance,

                   *Defendant*.

------------------------------------------------------------------------x

                            **CLASS ACTION
COMMPLAINT**

                   Case No.: 1:18-CV-1240 [BKS/CFH]

## PRELIMINARY STATEMENT

1. Supplemental Security Income is a federally funded, needs-based cash benefit for individuals who are disabled or age 65 and over.  Plaintiffs Toiya Hills, Fredricka Washington and Rupa Dhakal, are all disabled individuals who received federal Supplemental Security Income (SSI) benefits for a limited period of time. Plaintiffs Hills and Washington received SSI for five months until they became eligible for Social Security Disability Insurance (SSD) benefits, which are provided monthly in an amount based on a worker's previous earnings. Plaintiff Dhakal received SSI benefits for a limited period of time because her immigration status limited the period she could be eligible for such benefits.

2. New York State provides a supplemental cash benefit to persons eligible for SSI. The State Supplement Program (SSP) benefit is provided in an amount based on the individual's living arrangements.

1

3.   Plaintiffs Toiya Hills, Fredricka Washington, and Rupa Dhakal, were all determined after an administrative fair hearing held before an Administrative Law Judge (ALJ) designated by the Defendant Samuel D. Roberts, Commissioner of the New York State Office of Temporary and Disability Assistance to have been improperly denied SSP benefits for the period of time that they were eligible for SSI.  Nevertheless, to date, they have not received the relief to which they were entitled, to wit, SSP benefits for the months that they were SSI recipients.

4.  Plaintiffs, by and through their attorneys, bring this action on behalf of themselves and a class of needy individuals with disabilities in New York to challenge the following customs, policies, patterns, and practices of Defendant Roberts:

   a) Refusing to assure that SSP benefits are provided to qualified individuals who have received a favorable decision from the Defendant finding that the SSP Unit had improperly been denied them benefits;

   b) Failing to assure that the Defendant's SSP Unit complies with fair hearing decisions issued by the Defendant's Office of Administrative Hearings;

   c)  Failing to issue adequate notices regarding the actions taken by the Defendant's Fair Hearing Compliance Unit.

   d)  Terminating the compliance complaint process prematurely without ensuring that the SSP Unit has complied with the directive in administrative hearing decisions.

5.  Plaintiffs seek declaratory and permanent injunctive relief to enjoin Defendant, in his official capacity, to: a)  provide SSP benefits as directed in relevant administrative hearing decisions; b) provide SSP benefits as directed by the Fair Hearings Compliance Unit; and c) maintain a compliance process that ensures that Appellants who prevail at

fair hearings, and seek the Defendant's help in assuring that the SSP Unit comply with

said fair hearing decisions, receive notice of the actions taken by the Fair Hearings

Compliance Unit and the SSP Unit to assure that Appellants obtain relief as directed in

their administrative hearing decision.

## JURISDICTION

6.   This action is brought under 42 U.S.C. §1983 to redress the denial of Plaintiffs' rights

provided by the Fourteenth Amendment to the United States Constitution; as well as

Article I, Section 6 of the New York State Constitution and the laws and regulations of

the United States and the State of New York  as they apply to the New York State

Supplement Program for SSI recipients,

7.  This Court has federal question jurisdiction over the federal constitutional claims

pursuant to 28 U.S.C §1331 and 28 U.S.C. §1343(a)(3) and (4), and supplemental

jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8.  Venue is proper in the Northern District of New York, pursuant to 28 U.S.C. §1391(b), as

Defendant has his primary place of business in Albany, New York, and the Agency

conducts is operations in Albany County, New York.

## CLASS ALLEGATIONS

9.  Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of a class

defined as:

> All persons who, since October 20, 2015, have complained to the Defendant's Fair Hearing Compliance Unit after having received a favorable fair hearing decision determining that they were eligible for State Supplement benefits for a period of time in which they were also eligible for federal supplemental security income (SSI) benefits and who failed to receive the full New York State Supplement (SSP) benefit to which they were entitled.

10. This class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of indigent disabled individuals in New York State apply for both SSI and SSD at the same time. SSD has a five month waiting period before benefits begin. Because of delays at the Social Security Administration, disability determinations are often made after the five month waiting period ends. In cases where the SSD amount awarded exceeds the SSI amount, the applicant will be SSI eligible only during the five month waiting period because SSI is a needs based program.

11. There are numerous questions of fact and law common to the class concerning defendant's customs, policies, patterns, and practices of:

   a) Refusing to issue SSP benefits to a qualified individual whose SSI eligibility period is time-limited after the individual has prevailed at an administrative hearing and received a favorable decision from the Defendant stating that the SSP Unit had improperly denied them benefits;

   b) Failing to assure that the SSP Unit complies with fair hearing decisions received by prevailing administrative hearing Appellants, after said Appellants have made complaints seeking compliance with a fair hearing decision;

   c) Failing to provide adequate notices describing the Compliance Unit's actions and subsequent determination after a Compliance Complaint has been made;

d)  Terminating the compliance complaint process prematurely without ensuring that a prevailing Appellant has in fact received the SSP benefit authorized in the administrative hearing decision.

12. The named plaintiffs' claims are typical of the claims of the class.  The named plaintiffs live in New York State and were found to be disabled by the federal Social Security Administration (SSA), and received SSI payments from the SSA for the period of time that they were determined eligible for such benefits. By law, this determination means that the named plaintiffs were also eligible to receive SSP payments provided by the State of New York. 18 N.Y.C.R.R. 398-4.1 (d).  Defendant has steadfastly refused to issue SSP benefits to the named plaintiffs, despite the fact that each named plaintiff prevailed in an administrative hearing in which an Administrative Law Judge designated by the Defendant held that the SSP Unit had improperly denied each Plaintiff benefits. Each Plaintiff made compliance complaints to the Defendant's  Fair Hearing Compliance Unit to secure the outcome of the administrative hearing decision. To date, none of the plaintiffs have received SSP benefits.

13. Declaratory and injunctive relief are appropriate with respect to the class as a whole because Defendant has acted on grounds applicable to the entire class.  Members of the proposed plaintiff class have been subjected to the same type of injury as a result of Defendant's policy, pattern and practice of failing to direct the SSP Unit to comply with fair hearing decisions that find that the SSP Unit has wrongly denied SSP benefits.

14. The named plaintiffs and the proposed class are represented by the Empire Justice Center, whose attorneys are experienced in public benefits class action litigation and will adequately represent the class.

15. A class action is superior to other available methods for a fair and efficient adjudication of this matter in that the prosecution of separate actions by individual class members would unduly burden the Court and create the possibility of conflicting decisions.

## PARTIES

### Plaintiffs

16. Plaintiff Toiya Hills is an individual who resides in Monroe County, New York, in the City of Rochester.

17. Plaintiff Fredricka Washington is an individual who resides in Monroe County, New York, in the City of Rochester.

18. Plaintiff Rupa Dhakal is an individual who resides in Monroe County, New York, in the City of Rochester.

### Defendant

19. Defendant Samuel D. Roberts is the Commissioner for the New York State Office of Temporary and Disability Assistance (OTDA). The Defendant is responsible for, *inter alia*: the overall operation and administration of the OTDA, including but not limited to State Supplement Program for recipients of federal Supplemental Security Income benefits who reside in New York State; the overall operation and administration of the Office of Administrative Hearings, including but not limited to those policies, operations and activities related to administrative fair hearing compliance; and complying with federal and state law and regulations relating to the programs under his control and supervision. This suit is brought against Commissioner Roberts in his official capacity.

## CONSTITUTIONAL, STATUTORY, AND REGULATORY SCHEME

### Supplemental Security Income (SSI) and the State Supplement Program (SSP)

20. Supplemental Security Income is a federal benefit paid by the Social Security

    Administration to indigent blind, aged or disabled individuals.  42 U.S.C. § 1381 et. seq.

    The maximum federal SSI benefit in 2018 to a person with no other income is $733 per

    month.

21. Federal law permits states to supplement the federal SSI payment with a regular monthly

    cash payment derived from state funds that is excluded as countable income when

    financial eligibility for SSI is determined. 42 U.S.C. § 1382e.

22. New York State has chosen to pay a State Supplement to persons who are eligible for

    SSI. N.Y. Social Services Law §207 et. seq. 18 N.Y.C.R.R. Part 398. Currently the New

    York State Supplement is $87 per month for individuals living alone and $23 per month

    for persons living with others.  N.Y. Social Services Law §209(2) (a), (b).

23. For an administrative fee, the federal government will distribute the state supplement in

    combination with the federal SSI payment, or states can administer issuance of the

    supplement themselves and provide a separate payment. See 42 U.S.C. § 1382e (a).

24. Until October 1, 2014, the Social Security Administration administered New York State's

    SSP program and New York's State Supplement was included as one payment issued by

    SSA with the federal SSI payment.  After that date, except for certain retroactive

    payments, the Defendant Office of Temporary and Disability Assistance took over the

    administration of the SSP program. See 14 ADM-07, attached hereto as Exhibit A, and

    available at http://otda.ny.gov/policy/directives/2014/ADM/14-ADM-07.pdf

*25.* An individual who lives in New York State and applies for SSI benefits is considered to have concurrently applied for SSP benefits as long as he or she has "cooperated with SSA in establishing eligibility for SSI benefits." 18 N.Y.C.R.R. 398-4.1(a). A separate application for SSP benefits is not required or accepted. Id.

*26.* An individual is eligible for SSP benefits on the date his or her SSI payments begin. 18 N.Y.C.R.R. 398-4.1(d).

**Social Security Disability Insurance (SSD)**

27. Social Security Disability Insurance benefits are federal benefits paid by the Social Security Administration to disabled individuals who have made payments into the Social Security system, pursuant to Title II of the Social Security Act 42 U.S.C. § 401 et. seq.; 42 U.S.C. § 423.

28. An individual who has been found to be disabled and eligible for SSD by the Social Security Administration will be entitled to benefits after a five month waiting period from the date the individual established the onset of his or her disability. 42 U.S.C. § 423 (a) (1); 423(c) (2); 20 C.F.R. 404.315 (a) (4).

**Fair Hearings**

29. Individuals who apply for or receive SSP benefits are entitled to administrative fair hearings to appeal an action of OTDA pursuant to Social Services Law § 22; 18 N.Y.C.R.R. 398.10 (1).

30. All provisions of 18 N.Y.C.R.R. Part 358 governing fair hearings apply to SSP hearings. 18 N.Y.C.R.R. 398.10 (3).

31. All decisions by the OTDA Commissioner are binding upon the SSP Unit and the SSP Unit must comply with fair hearing decisions that direct them to act. Social Services Law § 22 (9) (a); 18 N.Y.C.R.R. 358-6.1(b).

32. In the event that the SSP Unit fails to comply with a fair hearing decision, the person entitled to a benefit is advised to contact the Fair Hearing Compliance Unit of OTDA. N.Y. Social Services Law § 22 (9) (d).

33. Upon receipt of such complaint, the Defendant is obliged to secure compliance by whatever means is deemed necessary and appropriate. 18 N.Y.C.R.R. 358-6.4(c).

**FACTUAL ALLEGATIONS OF THE INDIVIDUALLY NAMED PLAINTIFFS**

**<u>Toiya Hills</u>**

34. Plaintiff Toiya Hills is an individual residing in the City of Rochester, Monroe County, New York.

35. On or about January 20, 2015, Ms. Hills applied for SSI and SSD from the federal Social Security Administration.

36. By letter dated September 15, 2017, the SSA advised Ms. Hills that her application for SSI dated January 20, 2015 was approved and that she was found eligible for SSI as of February, 2015.  In a separate notice, Ms. Hills was advised that she was eligible for Social Security Disability benefits in the amount of $1233.00 per month beginning July, 2015.

37. Because she was SSI eligible from February, 2015 – July, 2015 and living alone, Ms. Hills should have received State Supplement payments in the amount of $87 per month

from the Defendant Roberts for that five month period during which she was not eligible for Social Security Disability.

38. On September 11, 2017, the State Supplement Program Unit of the Office of Temporary and Disability Assistance sent Ms. Hills a notice advising her that she was not eligible for SSP benefits because her "countable monthly income exceeds the maximum benefit for your living arrangement." (Exhibit B, p. 1).    The notice went on to state that the decision was based on Regulations at 18 NYCRR Part 398.4 (a) (2). Id. p. 2. The notice did not indicate the time period that the denial covered.

39. Ms. Hills's attorney requested a fair hearing to challenge the denial of SSP benefits for the five month period, and said hearing was held on May 10, 2018.

40. On May 30, 2018, the Defendant OTDA issued fair hearing decision #7654451J in Ms. Hills's favor (Exhibit C), holding that the determination of the SSP Unit to deny SSP benefits for the period from February 2015 to June 2015 could not be sustained and directed the SSP Unit to re-evaluate the Appellant's eligibility for SSP benefits for February 2015-June 2015, and provide the Appellant with a written notice of its determination. (Exhibit C, p 6-7).

41. The cover sheet of the fair hearing decision states that the Appellant should notify the Office of Temporary and Disability Assistance Compliance Unit if the Agency failed to comply within 10 days of the date of the decision. (Exhibit C, cover sheet).

42. After two weeks had passed, and the Agency had taken no action to comply with the Fair Hearing decision, counsel for Ms. Hills contacted the Compliance Unit by telephone on or about June 13, 2018 to complain that no action had been taken on the favorable fair hearing decision.

43.  S. Sheehan, Compliance Coordinator at OTDA acknowledged receipt of that complaint by letter dated June 14, 2018, stating that "We will review this matter with the Agency to insure that appropriate action is taken. You will be contacted by this Office upon completion of Compliance." (Exhibit D).

44. Over four months later, on September 21, 2018, the State Supplement Program wrote to counsel for Ms. Hills stating that "Upon further investigation, SSP found that you have not been an active participant in the SSP program. Consequently SSP cannot issue you retroactive benefits." The notice does reference the time period at issue (February 2015-June 2015), but fails to issue any statutory or regulatory basis for its determination, and fails to advise Ms. Hills whether she has any further right to review. (Exhibit E).

45. To date, Ms. Hills has received no communication from the Defendant's Fair Hearing Compliance Unit as to whether it had made a determination that the September 21, 2018 letter from the SSP Unit constituted compliance with the fair hearing decision.

### Fredricka Washington

46. Plaintiff Fredricka Washington is an individual residing in the City of Rochester, Monroe County, New York.

47. On July 15, 2015, Ms. Washington applied for SSI and SSD from the federal Social Security Administration.

48. By letter dated June 13, 2017, the SSA advised Ms. Washington that her application for SSI dated July 17, 2015 was approved and that she was found eligible for SSI as of December, 2015.  In a separate notice, Ms. Washington was advised that she was eligible

for Social Security Disability Benefits in the amount of $937 per month beginning May, 2016.

49. Because she was SSI eligible from December, 2015 – May, 2016 and lived alone, Ms. Washington should have received State Supplement payments in the amount of $87 per month from the Defendant Roberts for that five month waiting period during which she was not eligible for Social Security Disability.

50. On June 7, 2017, the State Supplement Program Unit of the Office of Temporary and Disability Assistance sent Ms. Washington a notice advising her that she was not eligible for SSP benefits because her "countable monthly income exceeds the maximum benefit for your living arrangement."  (Exhibit F, p. 1).  The notice went on to state that the decision was based on Regulations at 18 NYCRR Part 398.4(a)(2). (Exhibit F, p.2 ).  The notice did not indicate the time period to which the determination applied.

51. Ms. Washington's attorney requested a fair hearing to challenge the denial of SSP benefits for the five month period, and said hearing was held on August 11, 2017.

52. On October 19, 2017, the Defendant OTDA issued a fair hearing decision #7570990Q  in Ms. Washington's favor, noting that the June 7, 2017 determination of the SSP Unit was made prior to the June 13, 2017 letter from the Social Security Administration awarding Ms. Washington retroactive SSI benefits. The Fair Hearing decision held in pertinent part:

> …the Agency should have determined Appellant's eligibility for SSP during the period she received SSI only, and its determination that the Appellant was ineligible for SSP during the period of December 1, 2016 to April 30, 2017 cannot now be sustained. (Exhibit G, pp. 6-7)

53. The October 19, 2017 Fair Hearing Decision continued:

> The Agency is directed to evaluate the Appellant's eligibility for SSP benefits for
> the period December 2015 to April 2016 considering the subsequent SSA
> determination that the Appellant was eligible for SSI for these months, provide
> her with any assistance owed in accordance with verified degree of need... (and)
> notify Appellant in writing of its determination. (Exhibit G, p.7)

54. The fair hearing decision states that the Appellant should notify the Office of Temporary

    and Disability Assistance Compliance Unit if the Agency failed to comply within 10 days

    of the date of the decision. (Exhibit G, cover sheet).

55. After more than five weeks had passed and the Agency had taken no action to comply

    with the Fair Hearing decision, counsel for Ms. Washington contacted the Compliance

    Unit by telephone on or about November 28, 2017 to complain that no action had been

    taken on the favorable fair hearing decision.  Paralegal Keith Jensen spoke with a Ms.

    Freeman who processed the compliance complaint.

56. Mark Perrot, Compliance Coordinator at OTDA acknowledged receipt of that complaint

    by letter dated November 29, 2017, stating that "We will review this matter with the

    Agency to insure that appropriate action is taken. You will be contacted by this Office

    upon completion of Compliance." (Exhibit H).

57. Almost four months later, on March 15, 2018, the SSP Unit wrote to counsel for Ms.

    Washington stating that 18 NYCRR 398.4(a)(2) requires that individuals be in receipt of

    SSI in order to be eligible for SSP, and noted that Ms. Washington was "not presently

    eligible for either SSI or SSP benefits, and therefore retroactive SSP benefits for the

    period of December 2015 through April 2016 could not be issued." (Exhibit I).

58. On March 28, 2018, Mr. Perrott wrote to counsel for Ms. Washington stating that "the

    agency has taken appropriate action to comply with the directives of the Decision After

    Fair Hearing. Therefore we regard this matter as satisfactorily resolved and your

compliance inquiry has been closed." The letter did not describe the "appropriate action" that had been taken. Aside from a statement that counsel could call an 800 number "to discuss this case further," no instructions were provided as to how to further appeal the matter. (Exhibit J).

**<u>Rupa Dhakal</u>**

59. Plaintiff Rupa Dhakal is an individual residing in the City of Rochester, Monroe County, New York.

60. On or about November 9, 2016, the Social Security Administration advised Ms. Dhakal that she was eligible for SSI benefits for the period from November 2013-August of 2016. Because federal law limits the period of time that refugees are eligible for SSI, Ms. Dhakal was no longer eligible for SSI benefits as of September 2016.

61. On or about  May 23, 2017, counsel for the Plaintiff Dhakal sent an email to the  SSP Unit requesting that the SSP Unit provide Ms. Dhakal with SSP benefits for the months in which she had been awarded SSI. On or about May 24, 2017, the SSP Unit responded that the Appellant was not eligible for SSP benefits for the period of November 2013 through August of 2016 because she was "not currently in receipt of federal SSI or …eligible to receive SSI benefits except for reasons other than income." The email went on to say that "no payment will be made to an individual…who is ineligible to receive SSP…" (Exhibit K)

62. Because she was SSI eligible from November 2013 – August of 2016, Ms. Dhakal should have received State Supplement payments during those months.

63. Ms. Dhakal's attorney requested a fair hearing to challenge the denial of SSP benefits, and said hearing was held on February 13, 2018.

64. On March 27, 2018, the Defendant OTDA issued fair hearing decision #7575488P in Ms. Dhakal's favor (Exhibit L), directing the SSP Unit to "reevaluate [Ms. Dhakal's] eligibility for SSP benefits by considering the determination made by SSA that she was eligible for SSI in those months and must provide her with any lost benefits for period October 2014-August 2016." (Exhibit L, p. 7).

65. The Administrative Law Judge directed the Agency to provide the Appellant with SSP benefits for the period of October 2014 through August of 2016, taking into account any other income, and her state living arrangement and provide the Appellant with written notice of its determination. (Exhibit L p. 7).

66. The cover sheet of the fair hearing decision states that the Appellant should notify the Office of Temporary and Disability Assistance Compliance Unit if the Agency failed to comply within 10 days of the date of the decision. (Exhibit I, cover sheet).

67. After nearly three months had passed and the Agency had taken no action to comply with the Fair Hearing decision, counsel for Ms. Dhakal contacted the Compliance Unit by telephone on or about June 13, 2018 to complain that no action had been taken on the favorable fair hearing decision.

68. Mark Perrott, Compliance Coordinator at OTDA acknowledged receipt of that complaint by letter dated June 14, 2018, stating that "We will review this matter with the Agency to insure that appropriate action is taken. You will be contacted by this Office upon completion of Compliance." (Exhibit M).

69. Neither Ms. Dhakal nor her counsel have heard anything further from the SSP Unit and Ms. Dhakal has received no SSP benefits, to date.

70.  Nevertheless, on June 21, 2018, Mark Perrott, Compliance Coordinator at OTDA wrote

to counsel for Ms. Dhakal stating that "the Agency has taken appropriate action to

comply with the directives of the Decision After Fair Hearing. Therefore we regard this

matter as satisfactorily resolved and your compliance inquiry has been closed." (Exhibit

N). The letter did not describe the "appropriate action" that had been taken. Aside from a

statement that counsel could call an 800 number "to discuss this case further," no

instructions were provided as to how to further appeal the matter.


## FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF CLASS

### Denial of SSP Benefits

71. SSP is a state-provided supplement to the SSI benefit provided low-income persons with

disabilities by the federal Social Security Administration.

72. OTDA does not make a determination of eligibility for SSP separate from the disability

determination conducted by the SSA.  Persons who are eligible for SSI are eligible for

SSP. There is no discretion in this standard.

73. Prior to New York State taking over the administration of SSP from the federal Social

Security Administration, the SSA had issued both the SSI and SSP components of the

benefits to all eligible disabled individuals, including those individuals, who like the

named Plaintiffs, were eligible for  SSI benefits only for a limited time.  See. e.g. 20

C.F.R. § 416.2001 *et seq.*

74.    Pursuant to federal regulation, the SSA continues to issue both SSI and SSP in

states that continue to have the federal government administer the state's SSP program,

including in cases where individuals receive underpayments or only a time limited

benefit.  20 C.F.R. § 416.2045.

**Defective Notice**

75. In New York, OTDA creates and maintains form letters and notices for the SSP

program and for the Office of Administrative Hearings (OAH). The notice used for

denying SSP benefits is issued through a computerized notice system where the SSP

worker enters certain computer codes to fill in the blanks on the notice and triggers

its mailing to the recipient by OTDA.

76.  Defendant's SSP denial notice fails to identify the period of time for which the denial is

effective.

77. When the SSP Unit responds to a compliance inquiry from the Office of Administrative

Hearings, the letter it sends to the person seeking compliance fails to include the statutory

and regulatory basis for its determination, or of any further right to review. (See Exhibit

E).

78. When the Office of Administrative Hearings determines that compliance complaint has

been "satisfactorily resolved,"   the form letter advising the complainant of this fact in

response fails to describe the acts that OAH determined to constitute compliance and fails

to provide instructions for how to appeal if the affected individual disagrees with the

determination.


**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

79. As to the class and the named Plaintiffs representing the class, Defendant's policy,

pattern and practice of failing to provide an adequate written notice of denial of SSP

benefits that identifies the months for which the determination was made violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

80. As to the class and the named Plaintiffs representing the class, Defendant's persistent failure to assure that SSP benefits are provided to disabled individuals who have prevailed in an administrative hearing, and received a decision stating that determination of the SSP Unit to deny them SSP benefits was in error, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

81. As to the class and the named Plaintiffs representing the class, Defendant's custom, policy, pattern and practice of disregarding administrative hearing decisions finding that the denial of SSP benefits was in error, and failing and refusing to assure compliance with its own administrative fair hearing decisions violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FOURTH CAUSE OF ACTION

82. As to the class and the named Plaintiffs representing the class, Defendant's custom, policy, pattern and practice of closing compliance complaints without ensuring that the actions directed in the administrative hearing decision are in fact performed violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTH CAUSE OF ACTION

83. As to the class and the named Plaintiffs representing the class, Defendant's failure to provide adequate notices to those who they denied SSP benefits violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## SIXTH CAUSE OF ACTION

84. As to the class and the named Plaintiffs representing the class, Defendant's custom, policy, pattern and practice of making a determination that the SSP Unit has complied with a fair hearing decision without describing in writing the action that the SSP Unit has taken to support that conclusion violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment as follows:

A.  Assume jurisdiction and venue over this matter;

B.  Certify that this action may be maintained as a class action pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure and certify the class as defined above;

C.  Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring that the Defendant's actions and failures or refusals to act violate the statutes, implementing regulations, and requirements of Due Process as cited in the claims section of this Complaint, insofar as the Defendant:

  i.   Fails to provide adequate written notice of denial of SSP benefits;

    ii.    Refuses to issue SSP benefits to qualified individuals whose SSI eligibility period is time-limited after those individuals have prevailed in an administrative hearing and received a favorable decision directing the SSP Unit to issue payment;

    iii.    Fails to adequately address requests that the SSP Unit comply with administrative hearing fair hearing decisions directing the payment of SSP benefits;

    iv.    Terminates the compliance complaint process prematurely without ensuring that a prevailing appellant has in fact received the relief directed in the administrative hearing decision.

D.  Enter a permanent injunction enjoining Defendant to:

    i.    Take appropriate corrective action to provide to all named plaintiffs and members of the class those SSP benefits that were withheld or denied as a result of the improper actions of the Defendant;

    ii.    Provide adequate written notice of a determination of eligibility for SSP benefits, including the right to an appeal and a description of how such an appeal is taken, including any notices issued by the SSP Unit after a compliance complaint has been made;

    iii.    Promptly issue SSP benefits after an Appellant has prevailed in an administrative hearing that has determined that the SSP Unit has erred in denying SSP benefits;

    iv.    Respond with legally adequate notices to those who have made compliance complaints, so that when the Fair Hearing Compliance Unit makes a

determination that the SSP Unit has complied with a fair hearing decision, the

complainant is provided a description of the actions that constitute

compliance, the steps that were taken to secure compliance and what steps can

be taken by the complainant if the complainant disagrees that there has been

compliance with the fair hearing decision.

    v.    Develop and implement an administrative fair hearing compliance process

that complies with Due Process of Law in all respects.

E.  Award Plaintiffs' counsel their reasonable attorneys' fees, costs and disbursements, as

provided by 42 U.S.C. § 1988;

F.  Order such other and additional relief as the Court may deem just and proper.


Dated:    Albany, New York
           October 19, 2018

                    Respectfully submitted,


_____

EMPIRE JUSTICE CENTER
Susan Antos, of counsel
Bar Roll 101042
Saima Akhtar, of counsel
Bar Roll No. 515569
119 Washington Ave.
Albany, NY 12210
Tel. (518) 462-6831


*Attorneys for Plaintiffs*