UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

**TOIYA HILLS, FREDRICKA WASHINGTON, and
RUPA DHAKAL** individually and on behalf of
all others similarly situated,

        *Plaintiffs,*

  -against-

**SAMUEL D. ROBERTS**, as Commissioner of
the New York State Office of Temporary
and Disability Assistance,

        *Defendant.*
-----------------------------------------------------------------------X

No. 18-CV-1240 (BKS) (CFH)

STIPULATION AND ORDER
OF SETTLEMENT

## STIPULATION AND ORDER OF SETTLEMENT

**WHEREAS**, Plaintiffs commenced this action on October 19, 2018, pursuant to 42 U.S.C. § 1983 under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and State statutes and regulations governing New York State Supplement Program (SSP) for the additional State benefits;

**WHEREAS**, Defendant moved to dismiss the Complaint on November 30, 2018, and all briefing on these motions was completed by the parties by February 8, 2019;

**WHEREAS**, the Court issued a Decision and Order on September 20, 2019 denying Defendant's motion to dismiss;

**WHEREAS**, Defendant answered the Complaint on October 4, 2019 and denied any and all claims of wrongdoing asserted in connection with Plaintiffs' Complaint;

**WHEREAS**, the Court has not rendered final findings on Defendant's liability, if any, on the claims alleged in the Complaint in this matter;

1

**WHERERAS,** The New York State Office for Temporary Disability Assistance ("OTDA") amended 18 NYCRR Part 398—the regulations concerning Supplemental Security Income ("SSI") additional state payments [known as the New York State Supplement Program (SSP)]. The amended regulations were adopted and published in the New York State Register on January 13, 2021;

**WHEREAS**, as amended, 18 NYCRR Part 398 states: (1) who is eligible to participate in the SSP based on the initial eligibility determination transmitted from the Social Security Administration to New York State (NYS) via the State Data Exchange process; (2) the intended uses for SSP or State Supplemental Personal Needs Allowance benefit issuances; (3) that benefits will not be issued once a participant's death has been verified; (4) time frames for timely reporting by SSP participants and circumstances under which underpayment and retroactive benefits will issue; and (5) that NYS has the right to operate the SSP under State rule.;

**WHEREAS**, as a result of the amendments to 18 NYCRR Part 398, the Plaintiffs and other similarly situated individuals are no longer eligible to prospectively seek SSP benefits. As a result, the parties have agreed to enter into this agreement to resolve the claims raised in this litigation relating to the rights of the named Plaintiffs and other similarly situated individuals under 18 NYCRR Part 398 before its amendment on January 13, 2021;

**WHEREAS**, the amendments to 18 NYCRR Part 398 are not challenged by or the substance of Plaintiffs' claims in this lawsuit;

**WHEREAS**, with respect to any relief provided to the Plaintiffs and similarly situated individuals pursuant to the claims raised in the complaint, OTDA and Plaintiffs worked together to confirm final payment was rendered to individuals OTDA previously processed and to identify and ensure payment of other individuals for SSP benefits;

**WHEREAS**, this Stipulation and Order of Settlement (hereinafter "Stipulation and Order") does not constitute a determination of, or admission by any party to any underlying allegations, facts

or merits of their respective positions; the parties' settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated hereto; this Stipulation and Order does not form and shall not be claimed as any precedent for or an agreement by the parties to any generally applicable policy or procedure beyond the term of this Stipulation and Order;

**WHEREAS**, the parties enter into this Stipulation and Order solely for the purposes of settling the disputes remaining and to avoid further litigation on the issues presented in this action, without either party admitting any fault or liability;

**WHEREAS**, nothing herein shall be interpreted to be inconsistent with the requirements of federal statutes and regulations;

**NOW, THEREFORE, IT IS HEREBY ORDERED, UPON THE STIPULATION AND AGREEMENT OF THE PARTIES**, through their undersigned attorneys for the respective parties herein, that this action is settled, subject to the approval of this Court pursuant to the Federal Rules of Civil Procedure, on the following terms and conditions:

1. IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the Plaintiffs Toiya Hills, Fredericka Washington and Rupa Dhakal, represented by counsel, Susan C. Antos and Kristin Small of the Empire Justice Center and Saima A. Akhtar and Katherine Deabler-Meadows of the National Center for Law and Economic Justice, and C. Harris Dague, Esq. counsel for Defendant, the parties to the above entitled-action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

2. If Plaintiffs' counsel identify any individuals similarly situated to the named Plaintiffs identified in Paragraph 1 and have similar claims for SSP benefits to the named Plaintiffs regarding closed periods of Supplemental Security Income eligibility that accrued prior to the effective date of the January 13, 2021 amendments to 18 NYCRR Part 398, the Defendant will consider those individuals for corrective payment and provide corrective payment, if otherwise eligible, so long as the names and addresses of such individuals are submitted to Defendant's counsel within 60 days of the date of this Order.

3. With the exception of the attorney fee claims described below in paragraphs 4-7, over which this court shall exercise ancillary jurisdiction, Plaintiffs hereby discontinue this action with prejudice and without damages as against Defendant, including its subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the legal claims raised in this action, and further agree to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against the Defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

4. In light of the resolution of this matter by this Stipulation and Order and the relief set forth herein, the parties shall negotiate in good faith the issue of attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. § 1988 for all work through and including the full and final resolution of matters related to attorneys' fees, costs and disbursements. Upon the execution of this Stipulation and Order by counsel for all parties and the so-ordering of this Stipulation and Order by the Court, Plaintiffs' counsel shall forward to counsel for Defendants, no later than forty-five days thereafter, Plaintiffs' counsel's time and billing records and statements of costs incurred in this action

for which recovery is sought, so the parties may proceed to negotiate the amount of reasonable attorneys' fees, costs, and disbursements.

5. Any agreement as to attorneys' fees, costs, and disbursements that is reached by the parties ("Provisional Agreement") is subject to the approval by all appropriate State officials, in accordance with N.Y. Public Officers Law § 17. Plaintiffs' counsel agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approvals and effectuating payment.

6. In the event that State Approval is not obtained, Defendant's counsel shall notify Plaintiffs' counsel within five (5) business days of the disapproval. Disapproval of the Provisional Agreement by the approving authorities of State shall render the terms of the Provisional Agreement null, void, and of no further force and effect.

7. Within sixty (60) days of either party notifying the Court that either (i) the parties have reached an impasse on the matter Plaintiffs' attorneys' fees, costs, and disbursements despite the parties' good faith efforts, or (ii) State Approval has been denied for the agreement reached by the parties, Plaintiffs' counsel may make an application to the Court for an award of reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. §§ 1988 for all work through and including the full and final resolution of matters related to attorneys' fees, costs and disbursements; and Defendant's counsel may oppose any such application. The timing of this application may be altered based upon a reasonable briefing schedule agreed upon by both parties.

Dated: ~~May~~ June 1, 2021

_____
Susan Antos
EMPIRE JUSTICE CENTER
Susan C. Antos, Bar Roll No. 101042
119 Washington Avenue, Suite 301
Albany, NY 12210
(518) 935-2845

        NATIONAL CENTER FOR LAW
        AND ECONOMIC JUSTICE, INC.
        Saima A. Akhtar, Bar Roll No. 515569
        Katharine Deabler-Meadows,
        Bar Roll No. 520974
        275 Seventh Avenue, Suite 1506
        New York, New York 10001
        Tel. (212) 633-6967

        Attorneys for the Plaintiffs

Dated: May 27, 2021

        *S/ C. Harris Dague*

        C. Harris Dague
        Bar Roll No. 513292
        Assistant Attorney General
        Litigation Bureau
        Office of the New York State Attorney
        General, Letitia James
        The Capitol
        Albany, NY 12224

Dated: June _2_, 2021
Syracuse, New York

**IT IS SO ORDERED:**

*[signature]*
Hon. Brenda K. Sannes
United States District Court
Northern District of New York